UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C21-5658-SKV <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1972, has a high school diploma, and has worked as a printing plant ink manager and as a customer service representative for a sign-printing business. AR 43-45, 266-67. Plaintiff was last gainfully employed in February 2018. AR 266.

In October 2018, Plaintiff applied for benefits, alleging disability as of June 18, 2018. AR 231-32, 236-44. Plaintiff's applications were denied initially and on reconsideration, and

Plaintiff requested a hearing. AR 149-55, 159-72, 175-76. After the ALJ conducted a hearing in September 2020 (AR 36-70), the ALJ issued a decision finding Plaintiff not disabled. AR 15-29.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**: Plaintiff has the following severe impairments: left eye blindness, facial bone fracture, depression, anxiety, and somatic symptom disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform a full range of work at all exertional levels, with the following non-exertional limitations: he cannot perform work requiring binocular vision or depth perception. He should avoid concentrated exposure to hazards. He can understand simple instructions and perform simple tasks. He cannot work with the public, and team activities should be limited to a small number of co-workers.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-29.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, __ F.4th __, 2022 WL 1195334 (9th Cir. Apr. 22, 2022).

In this case, the ALJ found persuasive the State agency opinions describing Plaintiff's physical limitations as well as an examining optometrist's opinion, and the ALJ found the

opinions of treating providers to be unpersuasive. AR 24-27. Plaintiff argues that the ALJ erred in assessing the opinion evidence, specifically in discounting the opinion of Plaintiff's treating ophthalmologist, Aristomenis Thanos, M.D.

Dr. Thanos completed a form opinion after the administrative hearing, in October 2020, describing Plaintiff's physical limitations. AR 2810-12. The ALJ summarized the limitations listed by Dr. Thanos and explained that he found the opinion unpersuasive because it was "not well supported with explanation, and contradictory." AR 26-27. Specifically, the ALJ noted that Dr. Thanos opined that Plaintiff's right eye vision was unaffected, but this conclusion was inconsistent with the limitation Dr. Thanos described as to Plaintiff's ability to work on small objects and computers. AR 26-27 (citing AR 2811 (describing Plaintiff's inability to work with small objects, and significant problems with computer work)). The ALJ also found that the lifting, carrying, and postural limitations described by Dr. Thanos "are not logically sourced to depth perception issues." AR 27 (referencing AR 2811-12). The ALJ found the lifting, carrying, and postural limitations indicated by Dr. Thanos to be inconsistent with Plaintiff's ability to go on walks, use the bus independently, and perform household chores. AR 27. The ALJ also noted that Dr. Thanos left blank the question asking what percentage of the workday Plaintiff would be off-task. AR 27.

Plaintiff mounts several challenges to the ALJ's assessment of Dr. Thanos's opinion. First, Plaintiff argues that the ALJ's reasoning fails to comply with longstanding Ninth Circuit precedent requiring specific and legitimate reasons to discount a treating source opinion. Dkt. 11 at 9-10. As recently held in *Woods*, however, the longstanding line of cases has been displaced by the Commissioner's 2017 amendments to the regulations governing the evaluation of medical opinion evidence. *See* __ F.4th __, 2022 WL 1195334, at *1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

Plaintiff goes on to argue that the ALJ's finding that Dr. Thanos's opinion is unsupported is unfounded because it was not sufficiently specific. Dkt. 11 at 9-10. The ALJ identified several unsupported portions of Dr. Thanos's opinion, however. As noted by the ALJ, Dr. Thanos listed several lifting, carrying and postural limitations and was asked to explain the medical basis for those limitations and how they were related to Plaintiff's eye condition, and the opinion does not explain how Plaintiff's "limited depth perception" would lead to lifting, carrying, or postural limitations. AR 2811-12. Dr. Thanos was also asked how often Plaintiff would require unscheduled breaks and how frequently he would be off-task, and Dr. Thanos did not provide answers to those questions. AR 2812. This evidence supports the ALJ's finding that Dr. Thanos's opinion was "not well supported with explanation[.]" AR 26. Although Plaintiff suggests that the ALJ erred in failing to cite medical evidence (Dkt. 11 at 11) as the basis for his supportability finding, the ALJ properly considered whether Dr. Thanos himself supported his opinion. *See Woods*, __ F.4th __, 2022 WL 1195334, at *6 (explaining that a supportability finding addresses "the extent to which *a medical source* supports the medical opinion by explaining the 'relevant . . . objective medical evidence'" (quoting 20 C.F.R. § 404.1520c(c)(1)) (emphasis added)).

The ALJ went on to find that Dr. Thanos's opinion was contradictory, internally as well as with Plaintiff's activities, and this finding is also supported by substantial evidence. AR 26-27. The ALJ contrasted Dr. Thanos's finding that Plaintiff's right eye vision was unaffected with Dr. Thanos's opinion that Plaintiff could not work with small objects or computers and found a contradiction. AR 26-27 (citing AR 2811). The ALJ's interpretation of this evidence is reasonable particularly in light of the consultative examiner's opinion that Plaintiff retained

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

enough visual ability in his right eye to use a computer and read standard print, with glasses and proper workplace accommodations.  *See* AR 1570.

The ALJ also reasonably found the lifting, carrying, walking, and postural limitations indicated by Dr. Thanos to be inconsistent with Plaintiff's demonstrated ability to go on walks, use public transit independently, and perform household chores.  AR 27.  Plaintiff suggests that because the record did not establish that he could walk, use public transit, or perform chores on a full-time basis, the ALJ inflated his abilities to find them inconsistent with Dr. Thanos's opinion.  Dkt. 11 at 11-12.  But while Dr. Thanos opined that Plaintiff would be limited to sitting at least 90% of a workday and could only rarely lift as much as 20 pounds, Plaintiff himself reported an ability to go on walks and take out his garbage daily, travel via walking and public transportation, and mow his lawn and shop for groceries once a week.  *Compare* AR 287-91 *with* AR 2811.  Plaintiff also reported to providers that he spends his time walking for exercise.  *See, e.g.*, AR 1721, 1724.  Although Plaintiff described more severe limitations at the administrative hearing (AR 47-58), Plaintiff's other statements in the record nonetheless indicate he retains functionality to an extent that is inconsistent with Dr. Thanos's opinion.  The ALJ reasonably found the limitations described by Dr. Thanos to be inconsistent with the activities described by Plaintiff, and Plaintiff's own reports support the ALJ's consistency finding.

Because the ALJ's findings as to the supportability and consistency of Dr. Thanos's opinion are supported by substantial evidence, the Court affirms the ALJ's assessment of Dr. Thanos's opinion.  The Court need not, therefore, address the parties' arguments regarding whether any error in the ALJ's assessment of Dr. Thanos's opinion is harmless.  *See* Dkt. 11 at 13-16, Dkt. 16 at 3-6, Dkt. 17.

|   |   |
|---|---|
| 1 | Other related arguments raised in Plaintiff's briefing do not establish error in the ALJ's decision.  To the extent that Plaintiff argues in the opening brief that ALJ erred in rejecting Dr. Thanos's opinion because he is "a treating physician with the best qualifications and most specific of all of the medical source opinions in this case" (Dkt. 11 at 8), any hierarchy of medical opinions has been displaced by the medical regulations applicable to this case.  *See Woods*, __ F.4th __, 2022 WL 1195334, at *6 ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."). |

Other related arguments raised in Plaintiff's briefing do not establish error in the ALJ's decision. To the extent that Plaintiff argues in the opening brief that ALJ erred in rejecting Dr. Thanos's opinion because he is "a treating physician with the best qualifications and most specific of all of the medical source opinions in this case" (Dkt. 11 at 8), any hierarchy of medical opinions has been displaced by the medical regulations applicable to this case. *See Woods*, __ F.4th __, 2022 WL 1195334, at *6 ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant.").

Neither has Plaintiff shown that the ALJ erred in failing to call a medical expert, to the extent Plaintiff mentions this issue in his briefing (Dkt. 11 at 13, Dkt. 17 at 2), as he has cited no authority requiring an ALJ to call a medical expert under the circumstances of this case. Counsel did request that the ALJ call a medical expert if he was unable to obtain a statement from a treating physician (AR 42), but then he was able to obtain such a statement, namely Dr. Thanos's opinion. Plaintiff has not shown that the record as currently constituted required further development, and thus has not shown that the ALJ erred in failing to call a medical expert. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." (cleaned up)).

Because the ALJ's assessment of the supportability and consistency of Dr. Thanos's opinion is supported by substantial evidence, Plaintiffi has not shown that the ALJ erred in finding it unpersuasive.

//

//

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

# CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 4th day of May, 2022.

S. KATE VAUGHAN
United States Magistrate Judge